UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN C. PRIBILA, | : | |
|     Plaintiff | : | CIVIL ACTION NO. |
| v. | : | 3:05-CV-1852 (JCH) |
| | : | |
| HYUNDAI MOTOR FINANCE COMPANY, | : | MARCH 13, 2007 |
|     Defendant | : | |

**RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [Doc. No. 48]**

**I.    INTRODUCTION**

The plaintiff, John C. Pribila, has asserted three claims against his former employer, Hyundai Motor Finance Company ("Hyundai"), the defendant. In a previous Ruling on Defendants' Partial Motion to Dismiss ("Ruling") at 6 [Doc. No. 42], the court dismissed Counts I and II of Pribila's complaint, which alleged wrongful termination and breach of good faith and fair dealing. The defendant has now moved for summary judgment on Count III of the Complaint, which alleges a theory of promissory estoppel.

**II.    STANDARD OF REVIEW**

In a motion for summary judgement, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgement as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); White v. ABCO Engineering Corp., 221 F.3d 293, 300 (2d Cir. 2000). Once the moving party has met its burden, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial," Anderson, 477 U.S. at 255, and present such evidence as would allow a jury to find in his favor in order to defeat the motion. Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).

1

In assessing the record, the trial court must resolve all ambiguities and draw all inferences in favor of the party against whom summary judgement is sought. Anderson, 477 U.S. at 255; Graham, 230 F.3d at 38. "This remedy that precludes a trial is properly granted only when no rational finder of fact could find in favor of the non-moving party." Carlton v. Mystic Transp., Inc., 202 F.3d 129, 134 (2d Cir. 2000). "When reasonable persons, applying the proper legal standards, could differ in their responses to the question" raised on the basis of the evidence presented, the question must be left to the jury. Sologub v. City of New York, 202 F.3d 175, 178 (2d Cir. 2000).

## III. FACTUAL BACKGROUND

The court assumes familiarity with the facts.[1] See Ruling at 2-3. The plaintiff, John C. Pribila, was employed by Hyundai as Regional Finance Manager from April 2002 until March 2005. His position at Hyundai was terminable at will. See Def.'s Loc.R.Civ.P. 56(a)1 Statement ("Def.'s Stat.") at ¶ 2 [Doc. No. 50]. At the time of his employment, Hyundai had an Employee Handbook and an Unlawful Harassment Policy that set forth certain terms and conditions of employment.

In March 2004, Hyundai hired Sam Brnovich to be Hyundai's Director of Sales and Marketing and Pribila's immediate supervisor. Id. at ¶ 4. In July 2004, Hyundai's

---

[1]The court notes that Pribila's Local Rule 56(a)2 Statement failed to provide specific citations to the evidence in the record, as is required by the Local Rule. See D. Conn. L. Civ. R. 56(a)(3) ("Each statement of material fact [and each denial]. . . by an opponent in a Local Rule 56(a)2 Statement . . . must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial."). According to the Rule, such failure "may result in sanctions, including, . . . when the opponent fails to comply, an order granting the motion [for summary judgment]." Id. In the absence of proffered evidence to the contrary, the facts set forth in the defendant's Local Rule 56(a)(1) Statement are deemed admitted by the plaintiff. See S.E.C. v. Global Telecom Services, L.L.C., 325 F. Supp. 2d 94, 109 (D. Conn. 2004).

2

National Manager of Human Resources, Scott Langley, began to investigate Brnovich because of complaints about his managerial style. Nine employees, including Pribila, were contacted with regard to this investigation, who complained to Langley about communication problems and alleged harassment by Brnovich, as well as stating that he had probably been fired from his former job. Id. at ¶ 7. In early August 2004, Langley informed Brnovich of the criticisms against him and that he should improve his communication skills and cease making inappropriate comments. Id. at ¶ 8.

Pribila received annual performance evaluations while at Hyundai, which were based on a rating system where "5" represented "the lowest 10 % of all employees and 'immediate improvement required.'" Id. at ¶ 9. For the year 2002, Pribila received a "5"; for 2003, he received a "3"; and for 2004, he received a "5." Id. On March 23, 2005, approximately two weeks after his last performance review, Vice President of Human Resources Kathy Parker informed Pribila that he was being terminated. Id. at ¶ 10.

## IV.  DISCUSSION

Pribila seeks relief because of Hyundai's "breach of its promise to keep and maintain his identity anonymous and the information disclosed being attributed to him by his immediate supervisor." Plf.'s Memorandum in Opposition to Summary Judgment ("Mem. in Opp.") at 4. He alleges that he participated in the investigation of Brnovich "in reliance upon Defendant's representation as to the confidential nature of the exercise." Id. at 1. He claims that his disclosures to Langley "were leaked to Mr. Brnovich," and that he was ultimately terminated for his involvement with the Brnovich investigation. See id. at 7, 9.

Pribila's claim is based upon the doctrine of promissory estoppel, which states

that "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." D'Ulisse-Cupo v. Bd. of Dirs. of Notre Dame High Sch., 202 Conn. 206, 213 (1987) (quoting Restatement (Second) Contracts § 90 (1973)). The main elements of such a claim are: "1) a clear and definite promise; 2) a change in position in reliance on the promise; and 3) resulting injury." Chem-Tek, Inc. v. General Motors Corp., 816 F. Supp. 123, 131 (D. Conn. 1993).

"The requirements of clarity and definiteness are the determinative factors in deciding whether . . . statements are . . . expressions of commitment as opposed to expressions of intention, hope, desire or opinion." Stewart v. Cendant Mobility Services Corp., 267 Conn. 96, 105 (2003) (citing D'Ulisse-Cupo, 202 Conn. at 214-15). Moreover, "statements made to an employee must be examined in the circumstances in which they were expressed" for purposes of evaluating a promissory estoppel claim. Torosyan v. Boehringer Ingelheim Pharmaceuticals, 234 Conn. 1, 17 n.6 (1995).

The defendants first assert that, if Langley's statement to Pribila about confidentiality–that is, that Brnovich would not be told of the comments of any particular employees or which employees were involved in the investigation, see Def.'s Stat. at Ex. A, Pribila Dep. at 100-1– constitutes the "promise" for promissory estoppel purposes, this policy was never violated. Pribila testified in his deposition that Langley did not say anything that would be inconsistent with Hyundai's general policy against disclosure of harassment complaints, which states that "Hyundai will attempt to keep complaints and investigations under this policy confidential to the greatest extent

4

possible, but some disclosure may be necessary to conduct a proper investigation."
See Def.'s Stat. at Ex. A, Pribila Dep. at 124; Ex. G at 3. However, Pribila counters that
"[t]here was nothing anonymous about it because after all was said and done Sam
Brnovich knew who said what." See Plf.'s Mem. in Opp. at 8. Pribila bases this
statement on his conversation with Brnovich at his August 2004 interim performance
evaluation, during which Brnovich confronted him with the fact that his prior
employment at Ford was being "checked . . . out" and told Pribilia, "don't bring that stuff
up again."[2] See Plf.'s Ex. A, Pribila Aff. at ¶ 15 [Doc. No. 53]; Ex. B, Pribila Dep. at 59.

The court need not decide whether Hyundai violated its confidentiality policy, for
even assuming it did, the court finds that Pribila has not established that he "thereby
incurr[ed] some injury" as a result of his reliance on confidentiality. See Chotkowski v.
State, 240 Conn. 246, 268 (1997). Indeed, at the time of Pribila's August 2004 interim
evaluation with Brnovich, Brnovich appears to have been informed of the criticisms
against him, see Plf.'s Ex. A, Pribila Aff. at ¶ 15-16, yet Pribila asserts that he received
a "favorable" review from Brnovich at this August 2004 evaluation,[3] see Plf.'s Mem. in
Opp. at 9, and Pribila was not terminated until March 2004. Pribila has provided no
evidence that Brnovich played a role in the ultimate decision to terminate him, except
for Pribila's conclusory statement that "[i]t is unfathomable to presume that the [Human

---

[2] Pribila asserts that his allegations to Langley regarding Brnovich's prior employment at Ford, which included that Brnovich had "most likely" been terminated for various alleged misconduct, were based on his knowledge of Ford after having worked there for thirteen years. See Plf.'s Ex. A, Pribila Aff. at ¶¶ 3, 13, 15, 16.

[3] The court notes that in three of the six categories of this performance evaluation, Pribila was given the lowest rating of "NI", or needs improvement. See Plf.'s Ex. E.

5

Resources Department] would not consult, rely or defer to the supervisor concerning an employee who only eight months earlier was being reviewed favorable." See Plf.'s Mem. in Opp. at 9,.

Pribila contends that the lapse in time of eight months between any alleged "leaks" to Brnovich and his termination is explained by his taking an extended medical leave shortly after the August 2004 interim evaluation, during which "his termination would have been in violation of Federal and State law and Defendant's policies," but that "[s]hortly after his return" to work in November 2004, Pribila was suddenly terminated. See Plf.'s Mem. in Opp. at 14. However, the court notes that there is still a time period of four months during which Pribila has provided no evidence that could establish a link between the alleged "leak" of confidential information to Brnovich and his termination. An essential element of a promissory estoppel claim is that "'an injury [is] sustained by . . . reason of,'" or as a consequence of, a party's reliance on a statement. Dacourt Group, Inc. v. Babcock Industries, Inc., 747 F. Supp. 157, 161 (D. Conn. 1990) (citations omitted). In this case, the court finds that Pribila has not established any issue of material fact that would support his theory of promissory estoppel, as he has failed to show that he "incurr[ed] some injury" as a result of his reliance on confidentiality. See Chotkowski, 240 Conn. at 268.

## V. CONCLUSION

For the foregoing reasons, Hyundai's motion for summary judgment [**Doc. No. 48**] is GRANTED. The clerk is directed to close the case.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 13th day of March, 2007.


     /s/ Janet C. Hall
Janet C. Hall
United States District Judge